## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 8:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sallye Purnell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | January 29, 2016 <br><br> Court of Appeals Case No. <br> 49A02-1505-CR-440 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Allan Reid, Commissioner <br><br> Trial Court Cause No. <br> 49F10-1404-CM-21094 |

**Crone, Judge.**

## Case Summary

[1] Sallye Purnell appeals her conviction for class A misdemeanor battery, arguing that the trial court abused its discretion by removing a juror who realized during trial that she was acquainted with Purnell's father, who was a key witness for Purnell. Finding no abuse of discretion, we affirm.

## Facts and Procedural History

[2] One evening in February 2014, Purnell's father, Edward Purnell, shoveled a parking spot on the side of the street in front of his Indianapolis home. He left to go to the grocery store, leaving his ill wife in the care of others. While Edward was gone, Tyaira Reynolds parked in the spot that Edward had shoveled to drop her daughter off at Glenda Carson's home, which was across the street from Edward's house. Reynolds left her car running but locked its doors.

[3] Edward returned and parked his car in the street next to Reynolds's car. He knocked on Carson's door and told Reynolds that she needed to move her car. As Reynolds was walking to her car, she saw a woman, later identified as Purnell, putting on shoes on Edward's porch. When Reynolds got to her car, she felt someone hit her. Three people, including two women, hit Reynolds over twenty times. Reynolds was finally able to get in her car and call 911. Reynolds went to the emergency room with a fractured nose and other facial injuries.

[4] The State charged Purnell with class A misdemeanor battery. A jury found Purnell guilty as charged. This appeal ensued.

## Discussion and Decision

[5] Purnell contends that the trial court abused its discretion in dismissing Juror D. After the State's case-in-chief, Purnell called Edward to testify. After he testified, Juror D submitted a note to the trial court, with several questions: whether Edward rode a Harley; whether he was a member of a certain church; whether he knew her ex-husband; and whether Edward's wife's name was Pat, who passed away and who also rode bikes. Appellant's App. at 132. The note also stated that Juror D thought that she and her ex-husband had visited Edward's wife in the hospital. *Id.* The trial court questioned Edward, who answered affirmatively to all Juror D's questions.

[6] The trial court brought Juror D into the courtroom outside the presence of the other jurors to ask her some questions. Juror D said that she vaguely knew Edward and his wife, her ex-husband knew them better, and she did not know any of Edward's children. She also said that she could be fair and objective. The State argued that Juror D should be removed "to avoid the possibility of faltering" and because Juror D might be concerned with a "potential backlash" from Pat's motorcycle club or hope to "get into graces with this club." Tr. at 227-28. Purnell objected to Juror D's removal. The trial court removed Juror D, explaining, "We've got to maintain not only neutrality but also the appearance of neutrality. So, that being the case I'm going to remove [Juror D]

from the jury.  We'll replace her with [the alternate juror]."  Tr. at 228.  The trial court explained the situation to the jury as follows:

> [Juror D] realized that she had personal knowledge about this case. So we talked to her and it seemed, uh, often when we're proceeding not only do we have to keep free and avoid improprieties, we have to avoid any possible appearance of impropriety.  So I've made the decision to send [Juror D] home.

*Id*. at 230.

[7]     Article 1, Section 13 of the Indiana Constitution guarantees criminal defendants the right to a trial by an impartial jury. *Caruthers v. State*, 926 N.E.2d 1016, 1020 (Ind. 2010).  "[T]herefore, a biased juror must be dismissed."  *Id*.  A juror's bias "may be actual or implied."  *Id*.  Ind. Trial Rule 47(B) provides in part, "Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury returns its verdict, become or are found to be unable or disqualified to perform their duties."  "Trial courts have broad discretion in determining whether to replace a juror with an alternate, and we will only reverse such determinations where we find them to be arbitrary, capricious or an abuse of discretion."  *May v. State*, 716 N.E.2d 419, 421 (Ind. 1999).  Because a trial court is "'in the best position to assess the honesty and integrity of [a juror and their] ability to perform as a conscientious, impartial juror.  … our review of the trial court's decisions in these matters is highly deferential.'"  *Phillips v. State*, 22 N.E.3d 749, 757 (Ind. Ct. App. 2015) (quoting *Morgan v. State*, 903 N.E.2d 1010, 1019 (Ind. Ct. App. 2009), *trans. denied*) (brackets in *Phillips*), *trans. denied*.

Here, the trial court dismissed Juror D to avoid the appearance of impropriety. Juror D visited Edward's wife, Purnell's mother (or stepmother), in the hospital. Juror D may have only vaguely known Edward, but she seemed to know quite a bit about him. Edward was directly involved in the events surrounding Purnell's offense, and he was a key witness in Purnell's defense. Under the circumstances, the trial court's articulated basis for removing Juror D leads us to conclude that it did not abuse its discretion.[1] *See Gray v. State*, 563 N.E.2d 108, 111-12 (Ind. 1990) (upholding trial court's removal of juror where juror indicated that she may have worked with Gray's sister at restaurant). Purnell cites no authority for the proposition that a trial court abuses its discretion by attempting to avoid an appearance of impropriety.

As to how her rights to an impartial jury were affected by Juror D's removal, Purnell merely asserts, "Allowing trial courts to strike jurors in the middle of trial for no apparent reason is contrary to the guarantees of Article 1, § 13," and "[i]t can also lead to jury panels that unfairly favor one side." Appellant's Br. at 15. We cannot agree that the trial court acted "for no apparent reason," and Purnell does not argue that removing Juror D caused her jury panel to unfairly favor the State. "'Alternate jurors are selected in the same manner as regular jurors, have the same qualifications, are subject to the same examination and

---

[1] Purnell asserts that the trial court "felt it needed to fabricate reasons for Juror D's removal." Appellant's Br. at 14. The trial court informed the jury that Juror D was removed because "she had personal knowledge about the case." Tr. at 230. Purnell maintains that Juror D had no personal knowledge of this case. We agree with the State that "in context, 'the case' is a broad term encompassing not only the issues and parties at hand, but the witnesses and all players in the proceeding." Appellee's Br. at 17.

challenges, and take the same oath and are prepared at all times to replace a regular juror.'" *King v. State*, 508 N.E.2d 1259, 1263 (Ind. 1987) (quoting *Whitehead v. State*, 500 N.E.2d 149, 153 (Ind. 1986)). "[T]he substitution of a regular juror with an alternate juror does not support a claim of prejudice." *Id.* We fail to see what prejudice resulted to Purnell under the circumstances here.

[10] Affirmed.

Vaidik, C.J., and Bailey, J., concur.